A. W. RHEA AND WIFE *v.* L. W. HOOPER *et al.*

CHANCERY JURISDICTION. *Damages.* A bill in equity does not lie, under the act of 1877, to recover damages for injury to land and ferry by erection of a bridge on the former and near the latter.

FROM COCKE.

Appeal from the Chancery Court at Newport. H.. C. SMITH, Ch.

LANGHORNE for complainants.

G. W. PICKLE and McSWEEN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed in the chancery court of Cocke county against some twelve or fifteen defendants. It is alleged that complainant A. W. Rhea had obtained authority from the county court of said county to establish a ferry from the bank of Pigeon river owned by himself and wife to the opposite bank, on which Newport depot, or Clifton, is situated; that he had constructed boats and has his ferry in operation, and that defendants have commenced the construction of a bridge near to said ferry and have nearly completed the same, and that it will seriously impair the value of his ferry. That, although he may have given permission to erect said bridge, and allow one end to

Rhea *v.* Hooper.

abut on his wife's land, and to allow the right of way thereto, yet his wife had never given any such permission, and he only by reason of his expectation and understanding that the company or voluntary association which had undertaken the construction of the bridge, would make him compensation for his loss in the injury to his ferry, and this they refuse to do. The bill prays for a receiver and injunction, but no action has been taken on this prayer; and also prays that defendants be required to make complainants compensation for lands taken, the right of way and the loss of the ferry.

Defendants demurred to the bill, on the ground that the bill was multifarious in joining complainant A. W. Rhea's cause of action for injury to his ferry with that of his wife for damages done her freehold, and because the remedy in a court of law for both injuries is free from embarrassment, and the chancery court has no jurisdiction to grant the relief prayed.

The act of 1877 (March 23d) gives the chancery court jurisdiction in all civil cases, except for injury to person, property or character, involving unliquidated damages. The claim for compensation to complainant A. W. Rhea for injury to his ferry falls within the excepted cases of this statute, and would have to be measured in damages. So of the right of way; and the only part of the case not measurable in damages would be, perhaps, so much as might be due for the land actually taken for the abutment. But, obviously, the main object of the bill is to get compensation for destruction of the ferry, and the other claims are but

incidental to that. The bill is multifarious, but this objection might have been remedied under the statute. The chancellor sustained the demurrer and dismissed the bill, and his decree will be affirmed.